IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEBO CERMEX USA, INC., a Georgia Corporation, GEBO CERMEX CANADA INC., a Canadian corporation and GEBO PACKAGING SOLUTIONS FRANCE S.A.S., a French corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ACMI USA, INC., a Georgia Corporation and ACMI S.p.A., an Italian corporation.<br><br>Defendants. | CIVIL ACTION NO:<br>1:18-cv-05082-AT<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' UNTIMELY
OBJECTION TO THE SPECIAL MASTER'S REPORT AND
RECOMMENDATION ON CLAIM CONSTRUCTION, AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

Defendants ACMI USA, Inc. and ACMI S.p.A. ("ACMI") hereby move to strike Plaintiffs' objection to the Special Master's Report and Recommendation on Claim Construction as untimely under Rule 53(f)(2) of the Federal Rules of Civil Procedure and the Court ordered deadline to file any such objections.

The Special Master issued his Report and Recommendation on Claim Construction (the "R&R") on January 27, 2020. [Dkt. 87.] This Court ordered the

Parties to file objections to the R&R by March 13, 2020. [Dkt. 94.] On that date, ACMI filed a narrow objection [Dkts. 98-99] challenging the R&R only to the extent that it recommended that a Variable Accumulation Conveying Speed ("VACS") be construed to include a constant speed. [*See* Dkt. 99, at 20-23.] ACMI also asked that this Court clarify and assign a specified plain and ordinary meaning to the term "predetermined" to avoid future disputes. [*Id.* at 23-25.]

Pertinent to this Motion, ACMI's objection quoted and accepted the portion of the Special Master's recommendation providing that the VACS is <u>not</u> a predetermined speed. [*Id.* at 16, 18.] ACMI specifically stated: "ACMI does <u>not</u> object to the Special Master's construction that VACS means a variable speed that is not 'predetermined', except to the extent that the Special Master observed that such definition may include a constant speed." [*Id.* at 18.]

Plaintiffs filed no objections to the R&R on March 13, 2020. The deadline passed.

After the deadline, on April 10, 2020, Plaintiffs filed a document entitled "Gebo's Response to ACMI's Objection and Request for Confirmation of the Special Master's Report and Recommendation on Claim Construction." [Dkt. 109.] While this filing is denominated as a response to ACMI's objections, the bulk of it

is in fact a belated objection to the Special Master's R&R.[1] This is evident from the fact that Plaintiffs' "response" does not even address ACMI's objection – namely, that the VACS should be construed such that it not encompass a constant speed.

Instead, in contradiction of the R&R (and therefore plainly an objection to it), GEBO argues why the VACS should include a predetermined speed. *See* Dkt. 109 (heading to section III(A), entitled "**The Claim Term 'Variable' does not Exclude 'Predetermined'**"); *id.* at 8 ("Contrary to ACMI's arguments, none of the intrinsic evidence supports a construction of 'variable accumulation conveying speed' that excludes speeds that may be 'predetermined.'") Again, ACMI did not raise this issue in its objections.

ACMI respectfully submits that the Court should strike the above portion of Plaintiffs' purported "response" as untimely pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure and the Court's Order. Rule 53(f)(2) specifies that any objections to an R&R must be filed no later than twenty-one days after the R&R or by the time specified by the Court. Here, the Court ordered that any such

---

[1] Sections III. B-C of Plaintiffs' "response," while misguided, arguably contain responsive material to ACMI's objection and are not encompassed by this motion. Section IV regarding the IPR decision is not pertinent to the claim construction issue before this Court. The Patent Trial and Appeal Board's decision did not construe claim terms. There are, however, portions of the IPR proceeding, including statements made by Plaintiffs, that advantage ACMI, and ACMI will point them out at the appropriate time.

objections be filed by March 13, 2020.  Defendants failed to meet the deadline, thus violating Rule 53(f)(2) and the Court's Order. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) ("[A] court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion."); *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review.").

Should the Court not strike the belated objection, ACMI requests that at a minimum it be given five (5) days to file a responsive pleading of no more than five (5) pages.

Respectfully submitted, this 14th day of April, 2020.

By: */s/ John L. North*
John L. North
  Georgia Bar No. 545580
Martha L. Decker
  Georgia Bar No. 420867

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Tel: (770) 953-0995
Fax: (770) 953-1358
E-mail:
  jln@hkw-law.com

md@hkw-law.com

*Attorneys for Defendants*

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEBO CERMEX USA, INC., a Georgia Corporation, GEBO CERMEX CANADA INC., a Canadian corporation and GEBO PACKAGING SOLUTIONS FRANCE S.A.S., a French corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ACMI USA, INC., a Georgia Corporation and ACMI S.p.A., an Italian corporation.<br><br>Defendants. | CIVIL ACTION NO: 1:18-cv-05082-AT<br><br>**JURY TRIAL DEMANDED** |

I HEREBY CERTIFY on this 14th day of April, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By:  */s/ John L. North*
John L. North
Georgia Bar No. 545580

*Attorney for Defendants*